RECEIVED
SDNY PRO SE OFFICE
2026 MAR 25 PM 2:21

# 26 CV 2478

UNITED STATES DISTRICT COURT

FOR The Southern District of New York

Pernell Leibert,
Plaintiff,

v

The city of New York, Robert Morganthau, ESQ. DA
Christina Welyky J, Esq. ADA
32nd Precinct of the New York city Police Department,
and John Doe Police officers.      1-10

Defendants

Civil Action No._____

Complaint For Damages And Jury Demand

Plaintiff Pernell Leibert, Proceeding pro se, alleges the
following;

# I INTRODUCTION

(1) This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

(2) Plaintiff seeks damages for Malicious prosecution, Wrongful arrest, fabrication of evidence, deprivation of liberty without due process, and emotional distress arising from his arrest and prosecution in 1999 for a homicide that Defendants knew Plaintiff did not Commit.

(3) Plaintiff was wrongfully charged and detained for approximately three years before the charges were dismissed by the District Attorney in or about 2002 when ADA christina Welyky could not hide her corruption.

(4) Defendants engaged in fraudulent conduct designed to conceal the wrongful prosecution, including the creation of two different Sentence and commitment Sheets, which concealed the dismissal of the homicide case and used a burglary charge through a SCI to Justify the 3 years Plaintiff had already Served.

5. Because of these fraudulent actions, the homicide case did not appear on Plaintiffs criminal history records for many years, and Plaintiff discovered in 2005 that the District Attorneys office had Misrepresented facts and concealed the existence and dismissal of the homicide prosecution, thereby preventing Plaintiff from filing suit earlier.

6. Plaintiff reasonably believed he had no ability to persue a lawsuit. Plaintiff was also 15 years old in 1999 and 18 yrs old in 2002.

7. The statue of limitation should therefore be tolled under the doctrine of equitable estoppel and fraudulent concealment.

## II JURISDICTION AND VENUE

8. This court has Jurisdiction under 28 U.S.C. §1331 and §1343.

9. Plaintiff claims arise under 42 U.S.C. §1983.

10. Venue is proper in this Court under 28 U.S.C. 1391 because the events occurred in New York city.

## III PARTIES

11. Plaintiff Pernell Leibert is a resident of the United States.

12. Defendant City of New York is a municipal entity responsible for the policies and practices of the New York City Police Department (NYPD).

(13) Defendant District Attorney Robert Morganthau was at all relevant times the District Attorney responsible for prosecuting in New York County.

(14) Defendant Assistant District Attorney Christina Welyky) was an Assistant District Attorney who participated in the Prosecution of Plaintiff.

(15) Defendant 32nd Precinct of the NYPD employed officers responsible for Plaintiff arrest and investigation.

(16) Defendant John Doe police officers 1-10 are officers whose identities are presently unknown but who participated in plaintiff's arrest and prosecution.

## IV FACTUAL ALLEGATIONS

### Wrongful Arrest

(17) In or about 1999, Plaintiff was arrested by officers of the 32nd Precint in connection with a homicide investigation.

(18) Defendants lacked probable cause to arrest Plaintiff.

(19) Defendants Knew or should have known that Plaintiff was not responsible for the homicide.

### Malicious Prosecution

(20) Despite the lack of evidence, Defendants initiated criminal charges against the 15 year old Plaintiff for Homicide, Att murder, Possesion of a weapon, criminal use of a weapon.

21. The prosecution was initiated and continued Maliciously and without probable cause.

22. Plaintiff was detained and forced to defend against these charges for approximately three years.

Dismissal of charges

23. In or about 2002, the District Attorney dismissed the Homicide charges against Plaintiff after witnesses begun telling the truth regarding the incident.

24. The termination of the criminal case was favorable to Plaintiff.

Fabrication and Concealment

25. After the dismissal, Defendant created two Separate Sentence and commitment Sheets.

26. One document concealed the dismissal of the homicide charges.

27. Another document falsely reflected that Plaintiff was Serving time for burglary, thereby Justifying the period of incarceration already Served.

28. This fraudulent conduct concealed the true nature of the case.

29. As a result, the homicide case did not appear on Plaintiffs criminal history records for Many Years.

Fraudulent Concealment

(30) Defendants knowingly engaged in actions designed to mislead Plaintiff regarding his legal rights.

(31) Plaintiff was led to believe that he could not bring a lawsuit against defendants.

(32) The existence of the dismissed homicide prosecution did not appear on rap sheets or case records until approximately 2013.

(33) Plaintiff only discovered the fraudulent concealment in 2025.

## V  CAUSE of ACTION

Count 1 False Arrest (42 U.S.C. § 1983)

(34) Defendants arrested Plaintiff without probable cause, violating his fourth Amendment rights.

Count 2 Malicious Prosecution (42 U.S.C § 1983)

(35) Defendants initiated and continued a criminal Prosecution without probable cause and with Malice.

(36) The Prosecution ended in Plaintiff favor with indictment being dismissed.

Count 3 Fabrication of Evidence and Due Process Violation

(37) Defendants fabricated records and concealed the dismissal of charges.

(38) This conduct violated Plaintiffs fourteenth Amendment right to due process.

Count IV Municipal Liability ( Monell claim)

(39) The city of New York Maintained policies, customs, or practices that allowed wrongful arrests and Malicious prosecutions.

(40) These policies caused the violation of Plaintiffs constitutional rights.

Count V Emotional Distress and Damages

(41) As a result of Defendants actions, Plaintiff Suffered

A Loss of liberty

B Emotional distress

C mental anguish

D Damage to reputation

E financial harm

F loss of Youth (15~18)

G Slander (Plaintiff was assalted by friends on homicide victim)

VI EQUITABLE Tolling And ESTOPPEL

(42) Defendants Concealed the true facts of Plaintiffs case through fraudulent documentation and misrepresentation.

(43) Because of this concealment, Plaintiff could not reasonably discover the basis for this lawsuit until 2025.

(44) Therefore, the statute of limitations should be tolled under the doctrines of equitable estoppel and fraudulent concealment.

## VII RELIEF REQUESTED

Plaintiff respectfully request that this court:

A  Award compensatory damages in an amount to be determined at trial, but no less then $ 5,000,000.00 five million dollars.

B  Award punitive damages against individual defendants;

C  Award cost and attorneys fees under 42 U.S.C. § 1988;

D  Gran any other relief the court deems Just and proper.

## VIII JURY DEMAND

1  Plaintiff demands a trial by Jury on all Issues.

date  3-18-26

respectfully Submitted, Pernell Leibert, 15A4634

Pernell Leibert 15A4634
Pro SE
Eastern NY Correctional facility
P.O. Box 338
Napanoch, NY 12458

Case 1:26-cv-02478-LTS    Document 1    Filed 03/25/26    Page 9 of 9

Pernell Leibert # 15A4634
Eastern Corr Fac
P.O.Box 338
NAPANoch, NY 12548

RECEIVED
SDNY PRO SE OFFICE
2026 MAR 25 PM 2:21

EASTERN

CORRECTIONAL FACILITY

NEOPOST
03/19/2026
US POSTAGE $002

Pro Se

U.S. DistricT Court
Southern District of NEW York
500 Pearl Street
New York, NY 10007